IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALL ABOUT PROPERTY, LLC § <br>    Plaintiff § <br> § <br> VS. § <br> § <br> SELECT PORTFOLIO SERVICING, § <br> INC.; MORTGAGE ELECTRONIC § <br> REGISTRATION SYSTEMS, INC.; and § <br> FEDERAL HOME LOAN MORTGAGE § <br> CORPORATION § <br>    Defendants § | C.A. NO. __4:23-cv-392__ |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, Mortgage Electronic Registration Systems, Inc. ("**MERS**") and Select Portfolio Servicing, Inc. ("**SPS**") and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, "Defendants") hereby remove this case from the 89th District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. Defendants deny the claims and damages alleged in Plaintiff's Original Petition and file this Notice without waiving any claims, defenses, exceptions, or obligations that may exist in their favor in state or federal court.

### I.  INTRODUCTION

1. On February 3, 2023, All About Property, LLC ("**Plaintiff**") commenced this action by filing Plaintiff's Original Petition (the "**Complaint**"), Cause No. 202307292 in the 89th District Court of Harris County, Texas (the "**State Court Action**"). *See* Exhibit "C-1". The State Court Action was filed for purposes of delaying foreclosure by SPS, the mortgagee for the subject loan, on real property located at 11711 Memorial Drive, Unit 84, Houston, Texas 77024 (the "**Property**").[1] Plaintiff, which is not the borrower under the mortgage at issue, alleges that it

---

[1] See the Complaint at ¶ 1.

20060161.20220357/4358844.1

acquired title via a homeowner's association foreclosure sale in furtherance of what appears to be a foreclosure delay scheme and challenges the right to foreclose on a mortgage in default based on a series of legally unavailable challenges.[2]

## II.   PROCEDURAL REQUIREMENTS

2.   With this Notice of Removal, Defendants remove the State Court Action to this Court on the basis of the original jurisdiction conferred on this Court, as more fully described below.

3.   This action is property removed to this Court, as the State Court Action is pending withing this district and division.[3]

4.   Freddie Mac is deemed to be an agency and, therefore, has the power to unilaterally remove cases to Federal Court without obtaining the consent of all other defendants.[4]  Nonetheless, both MERS and SPS consent to Freddie Mac's removal of the case to Federal Court.

5.   This removal is timely.  Plaintiff filed the Complaint on February 3, 2023.  Freddie Mac may remove "at any time before trial thereof."[5]  There has not been a trial on the merits in the State Court Action, therefore, Freddie Mac's removal is timely.

## III.   PLEADINGS AND NOTICE TO STATE COURT

6.   True and correct copies of all pleadings, process, orders and other filings in the State Court Action are being filed along with this Notice of Removal as required by 28 U.S.C. §1446(a).  Pursuant to 28 U.S.C. §1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

---

[2]   *See* the Complaint Generally.
[3]   28 U.S.C.A. § 1441 and 1442 (West).
[4]   28 U.S.C.A. § 1452(f)(1) (West) ("[Freddie Mac] shall be deemed to be an agency included in sections 1345 and 1442 of such title 28."): 28 U.S.C.A. § 1442 (West).
[5]   28 U.S.C.A. § 1452(f)(3).

## IV.     BASIS FOR REMOVAL

7. United States district courts have original jurisdiction over all civil actions where claims are asserted against Freddie Mac. In this regard, 12 U.S.C. § 1452 provides, "Notwithstanding…any other provision of law…all civil actions to which [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value."[6] Consequently, removal of the State Court Action to this Court is proper.

8. This Court should exercise supplemental jurisdiction over Plaintiff's claims against SPS and MERS because they are so related to the claims against Freddie Mac that they form part of the same case or controversy.[7] As noted by the Supreme Court, "Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction."[8] Further, it is well-established that federal district courts have supplemental jurisdiction over state law claims that share a " 'common nucleus of operative fact' " with federal claims.[9] This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court.[10]

9. Plaintiff asserts identical claims against all Defendants in the Complaint. Plaintiff alleges the same set of facts in support of the claims, and thus, Plaintiff's claims against Freddie Mac share a common nucleus of operative facts with, and form part of the same case or controversy as, Plaintiff's claims against SPS and MERS. Accordingly, supplemental jurisdiction exists over the

---

[6] See also *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 924 (5th Cir. 1997), *as amended on denial of reh'g* (Dec. 19, 1997).
[7] See 28 U.S.C.A. § 1367(a) (West).
[8] *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005); see also *State Nat. Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C.A. § 1367 grants federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy' ").
[9] *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997)).
[10] *Id.* at 806.

claims Plaintiff asserts against SPS and MERS pursuant to 28 U.S.C. § 1367(a).[11] Therefore, removal of the entire State Court Action to this Court is appropriate.[12]

## V.     JURY DEMAND

10.     Plaintiff has made a jury demand in the State Court Action.

## VI.     CONCLUSION

11.     For the foregoing reasons, Defendants ask the Court to remove this suit to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
Michael F. Hord Jr.
State Bar No. 00784294
Federal I.D. No. 16035
Eric C. Mettenbrink
State Bar No. 24043819
Federal I.D. No. 569887
HIRSCH & WESTHEIMER, P.C.
1415 Louisiana, 36th Floor
Houston, Texas  77002-2772
Tel 713-220-9182 / Fax 713-223-9319
E-mail: mhord@hirschwest.com
Email:  emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANTS**

---

[11]     See *Villarreal v. JP Morgan Chase Bank, Nat. Ass'n*, 720 F. Supp. 2d 806, 808 (S.D. Tex. 2010).
[12]     See *Jamal*, 97 F. Supp. 2d at 806.

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February, 2023, a true and correct copy of the foregoing and/or attached was served on each attorney of record or party in accordance with **Federal Rule of Civil Procedure 5(b)** as follows:

Jeffrey C. Jackson
Jeffrey Jackson & Associates, PLLC
2500 E. TC Jester Blvd., Ste. 285
Houston, TX 77008
Tel. 713-861-8833
Fax.713-682-8866
jeff@jjacksonllp.com
**Via ECF and U.S. Regular Mail**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.